IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RANDY NORWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20 C 7773 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| KIM CZERNIAK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Randy Norwood brings the present federal lawsuit alleging that he did not receive adequate dental care while he was a pretrial detainee at the Kane County Adult Justice Center. *See* 42 U.S.C. § 1983. Defendants move to stay this action based on the *Colorado River* abstention doctrine because Norwood filed the same lawsuit in Kane County before he filed this action. For the following reasons, the Court grants defendants' motions to stay pending final resolution in Norwood's Kane County lawsuit.

**Background**

Construing his pro se federal court complaint liberally, *see Harris v. United States,* 13 F.4th 623, 627 (7th Cir. 2021), Norwood alleges that on January 6, 2020, he underwent a medical examination as part of the intake process at Kane County Jail. Norwood alleges that he informed the nurses at intake that he had dental pain, but they did not schedule him to see a dentist. He further states that he repeatedly reported his dental pain to no avail. Thereafter, he filed a grievance on February 20, 2020 about his need for dental attention due to his abscessed tooth. An appointment for oral surgery was scheduled for March 24, 2020, but was cancelled due to COVID-19 restrictions. On April 20, 2020, Norwood was called to the dental clinic for treatment of the abscess, but at that time

he declined the treatment because his tooth had gotten better. Norwood's federal complaint does not indicate whether the abscessed tooth was extracted.

Prior to filing his federal lawsuit, Norwood filed a lawsuit in the Sixteenth Judicial Circuit Court of Kane County on November 19, 2020, case number 20 L 585, *Norwood v. Kane County*. Norwood filed an amended complaint on August 6, 2021, that the defendants have moved to dismiss. In his state court amended complaint, Norwood alleges that since January 6, 2020, he has complained to Kane County Jail medical providers about his abscess tooth. In February 2020, the dentist at Kane County Jail told Norwood that he would be put on the schedule for oral surgery. He alleges that he waited and filed grievances, including a grievance on February 20, 2020, about the lack of medical treatment. Norwood also contends that he had a surgery visit scheduled for March 24, 2020, but that it was cancelled due to COVID-19 restrictions.

**Discussion**

Federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them," but can abstain from hearing cases within their jurisdiction under certain exceptions. *See Loughran v. Wells Fargo Bank, N.A.*, 2 F.4th 640, 646 (7th Cir. 2021) (citation omitted). The Supreme Court's decision in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), "authorizes a federal court to abstain from exercising jurisdiction and stay a case to await the outcome of parallel state litigation when there is a substantial likelihood that the state case will resolve the federal claim." *Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 515 (7th Cir. 2021). The doctrine allows federal courts "to conserve judicial resources by abstaining from accepting jurisdiction when there is a parallel proceeding elsewhere." *Baek v. Clausen*, 886 F.3d 652, 663 (7th Cir. 2018).

Federal courts use a two-step inquiry in assessing whether *Colorado River* abstention is appropriate under the circumstances. *See Loughran*, 2 F.4th at 647. First, the court determines if the

state and federal actions are parallel. *Id.* If the proceedings are parallel, the court must then determine if abstention is proper by weighing non-exclusive factors, including the following that are relevant in this matter: (1) the desirability of avoiding piecemeal litigation; (2) the order in which jurisdiction was obtained by the concurrent forums; (3) the source of governing law, whether federal or state; (4) the adequacy of the state court action to protect plaintiff's federal rights; (5) the progress of the state and federal proceedings; and (6) the presence or absence of concurrent jurisdiction. *See Loughran*, 2 F.4th at 647; *Baek*, 886 F.3d at 663.

The parties agree that the lawsuits are parallel. Indeed, in his response brief to the present motions, Norwood indicated that he was willing to dismiss the state court case voluntarily or remove it to federal court. Nevertheless, at a February 3, 2022 state court hearing, Norwood told the judge that he wanted to go forward and contest defendants' motions to dismiss filed in that proceeding. The state court judge then granted Norwood's motion for an extension of time, and thus his response briefs to the pending state court motions to dismiss are due on March 14, 2022. Norwood's rejection of removal or voluntarily dismissing his state court case weighs in favor of staying this lawsuit until resolution in the state court case.

Other *Colorado River* abstention factors that weigh in favor of a stay, include Norwood filed his state court case first, there is concurrent jurisdiction over his constitutional claims, the state court case has dispositive motions pending, and that the state court judge is more than capable of ruling on a straight-forward constitutional claim like Norwood's claim brought in both state and federal court. Under these circumstances, the Court grants defendants' motions to stay under the *Colorado River* abstention doctrine. Defendants must notify the Court when the state court resolves Norwood's Kane County lawsuit.

**Conclusion**

For the foregoing reasons, the Court grants defendants' motions to stay pursuant to the

*Colorado River* abstention doctrine [30, 38].

**IT IS SO ORDERED.**

Date: 2/7/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge