IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| RANDY NORWOOD,<br><br>    Plaintiff,<br><br>v.<br><br>KIM CZERNIAK, DOCTOR JOHNSON, RON HAIN, WEXFORD HEALTH SOURCES INC., KANE COUNTY, ILLINOIS,<br><br>    Defendants. | Case Number 20-cv-7773<br><br>Hon. Judge Sharon Johnson Coleman |

**WEXFORD DEFENDANTS' RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS ON THEIR FIRST AFFIRMATIVE DEFENSE – *RES JUDICATA***

For their Fed. R. Civ. P. 12(c) Motion for Judgment on the Pleadings based on *res judicata*, Defendants, KIMBERLY CZERNIAK, LPN ("Nurse Czerniak"), MICHAEL JOHNSON, DDS ("Dr. Johnson") and WEXFORD HEALTH SOURCES, INC. ("Wexford") (collectively, the "Wexford Defendants"), by and through their attorneys, Matthew H. Weller, James F. Maruna and Bryan R. Findley, of CASSIDAY SCHADE, LLP, state:

**BACKGROUND**

1. On November 19, 2020, Plaintiff, RANDY NORWOOD, filed an action in the Circuit Court of the Sixteenth Judicial Circuit in Kane County, Illinois. *See* Plaintiff's Complaint attached as **Exhibit A**. Plaintiff named Dr. Johnson and Nurse Czerniak as defendants and alleged, *inter alia*, that Dr. Johnson and Nurse Czerniak were deliberately indifferent to Mr. Norwood's medical needs during his confinement at Kane County Jail from approximately January 6, 2020, to August 2020. *Id*. Additionally, Plaintiff's State Court Complaint named Wexford as a defendant and alleged that Wexford maintained an unconstitutional policy or practice resulting in inadequate medical treatment from January 6, 2020, to August 2020 (i.e., a *Monell* violation theory). *Id*.

1

2. One month later, on December 29, 2020, Plaintiff submitted the case *sub judice* for filing in the Northern District of Illinois. (Dkt. #1). On May 4, 2021, he filed his current complaint. (Dkt. #13). In the instant action, Plaintiff raises the exact same material allegations against Dr. Johnson, Nurse Czerniak, and Wexford that he raised in his then-pending Kane County lawsuit, namely, that Plaintiff received inadequate medical treatment violating his constitutional rights during his incarceration at the Kane County Jail from approximately January 6, 2020 to August 2020. *Compare Id.* with Ex. A.

3. On February 7, 2022, this Court stayed Plaintiff's federal case pursuant to the *Colorado River* doctrine. (Dkt. #45). This Court lifted the stay on October 11, 2022. (Dkt. #54).

4. On November 14, 2022, the Kane County Circuit Court dismissed Plaintiff's claims against the Wexford Defendants <u>with prejudice</u>. *See* Kane County Circuit Court Order attached as **Exhibit B**.

5. On December 1, 2022, Nurse Czerniak filed her answer to Plaintiff's federal complaint. (Dkt. #64). In her answer, Nurse Czerniak raised *res judicata* as an affirmative defense to Mr. Norwood's claims. *Id*. On that same date, Wexford filed its answer to Mr. Norwood's federal complaint, and also raised *res judicata* as an affirmative defense to Mr. Norwood's complaint. (Dkt. #63). And on June 20, 2023, Dr. Johnson filed his answer to Mr. Norwood's federal complaint raising *res judicata* as an affirmative defense. (Dkt. #105).

6. The Court should bar Plaintiff's claims in this lawsuit pursuant to *res judicata* because the Kane County Circuit Court issued a final judgment on the merits of Plaintiff's identical state court lawsuit. Ex. B. Now, Plaintiff impermissibly relitigates his state court lawsuit in this federal court.

**STANDARD**

7. Pursuant to Fed. R. Civ. P. 8(c), *res judicata* is an affirmative defense that must be pled in a complaint. Therefore, because a party must affirmatively plead res judicata in an answer, "the proper procedure is to raise the defense and then move for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure." *Walczak v. Chicago Bd. of Educ.*, 739 F.3d 1013, 1016 n. 2 (7th Cir. 2014) (internal citations omitted). Generally, *res judicata* is not properly raised pursuant to a 12(b)(6) motion. *See Carr v. Tillery*, 591 F.3d 909, 912-13 (7th Cir. 2010); *see also Forty One News, Inc. v. Cnty. of Lake*, 491 F.3d 662, 664 (7th Cir. 2007); *H.A.L. NY Holdings, LLC v. Guinan*, 958 F.3d 627, 631-32 (7th Cir. 2020) (quoting Amy St. Eve & Michael A. Zuckerman, *The Forgotten Pleading*, 7 Fed. Cts. L. Rev. 152, 160 (2013) ("Federal law distinguishes between the two, and so too should the careful litigator.")).

8. Ultimately, whether *res judicata* is raised under R. 12(b)(6) or 12(c) is of minimal matter because Rule 12(c) motions are "governed by the same standards as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6)." *Acuity v. Lenny Szarek, Inc.*, 128 F.Supp.3d 1053, 1058 (N.D. Ill. 2015) (citing *Hayes v. City of Chi.*, 670 F.3d 810, 813 (7th Cir. 2012)). "As on a Rule 12(b)(6) motion, the court on a Rule 12(c) motion assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions." *Kane v. Bank of America, N.A.*, 338 F.Supp.3d 866, 869 (N.D. Ill. 2018) (internal citations omitted). "Judgment on the pleadings is appropriate when the there are no disputed issues of material fact and it is clear that the moving party is entitled to judgment as a matter of law." *Unite Here Local 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017).

9. In ruling on a Rule 12(c) motion pursuant to the *res judicata* doctrine, this Court may take judicial notice of state court filings and judicial decisions. *Kane*, 338 F.Supp.3d at 869;

3

*see also Unipro Graphics, Inc. v. Vibrant Impressions, Inc.,* No. 21-cv-1700, 2021 U.S. Dist. LEXIS 158251, *10, 2021 WL 3722848, *4 (N.D. Ill. Aug. 23, 2021). This Court may properly consider the attached State Court orders on a 12(c) motion and need not convert a Rule 12(c) motion into a summary judgment motion where, as here, "it properly takes judicial notice of matters outside the pleadings." *Id*. (gathering cases). Therefore, because this Court need only look to Kane County Circuit Court filings to decide this Motion, it is properly brought under Rule 12(c).

## ARGUMENT

I. **PLAINTIFF'S CLAIMS AGAINST THE WEXFORD DEFENDANTS ARE BARRED BY *RES JUDICATA* BECAUSE IDENTICAL CLAIMS AGAINST THE SAME DEFENDANTS WERE DISMISSED WITH PREJUDICE IN KANE COUNTY CIRCUIT COURT.**

10. Per the U.S. Supreme Court, "a federal court must give the same preclusive effect to a state-court judgment as another Court of that State would give." *Parsons Steel, Inc. v. First Ala. Bank,* 474 U.S. 518, 523 (1986). Therefore, to determine that a state-court judgment precludes a case filed in federal court: (1) res judicata must apply under state law; and (2) the respondent must have had an opportunity to fully and fairly litigate the federal claims in state court. *Harrison v. Deere & Co.,* 533 F. App'x. 644, 648 (7th Cir. 2013). Plaintiff, clearly, had a more than fair opportunity to litigate his federal claims in Kane County Circuit Court. He simply lost the case following motion practice, and received a final judgment, a dismissal with prejudice by the Kane County Circuit Court judge. (Ex.B). Thus, the question at issue in this Court is whether *res judicata* would apply under Illinois state law. *Harrison,* 533 F. App'x. at 648.

11. Under Illinois law, a party must show three elements before *res judicata* precludes a claim: (1) identity of parties or their privies; (2) identity of causes of action; and (3) a final judgment on the merits rendered by a court of competent jurisdiction. *Hasbun v. Resurrection Health Care Corp.*, 2015 IL App (1st) 140537, ¶ 25, 36 N.E.3d 334, 339-40, 394 Ill.Dec. 401,

4

406-7 (Ill. App. Ct. 2015). Moreover, "*[r]es judicata* bars not only issues that were actually raised in the prior proceeding, but also issues which could have been raised in the prior proceeding." *Hicks*, 479 F.3d at 471 (citing *River Park, Inc. v City of Highland Park*, 184 Ill. 2d 290, 302, 730 N.E.2d 883, 889, 234 Ill.Dec. 783, 789 (Ill. 1998)). In this case, all three elements are satisfied: Plaintiff is merely relitigating the same claims against the same parties after Kane County Circuit Court entered a final judgment on the merits of his claims.

12. First, there can be no question that the first element – identity of parties – is satisfied because Plaintiff sues the exact same Wexford Defendants here as he sued in state court, namely, Nurse Czerniak, Dr. Johnson and Wexford. *See e.g., City of Chi. v. St. John's United Church of Christ*, 404 Ill. App. 3d 505, 513, 935 N.E.2d 1158, 1167, 343 Ill.Dec. 930, 939 (Ill. Ct. App. 2010) (identity of parties element "clearly" satisfied when the claims are brought against the same defendants).

13. *Res judicata*'s second element – identity of the cause of action – is, likewise, satisfied because Plaintiff's claims are based on the same operative facts. Illinois courts apply a "transactional test" in determining whether or not there exists identity of causes of action under *res judicata*. *Ross v. Advertising, Inc. v. Heartland Bank & Trust Co.*, 2012 IL App (3d) 110200, ¶ 34, 969 N.E.2d 966, 976 360 Ill.Dec. 921, 931 (internal citation omitted). "Under this test, separate claims will be considered the same cause of action if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *Id*. Here, there is an identity of causes of action because Plaintiff's claims arise from the same transaction; specifically, Plaintiff's claims purportedly arise from his confinement at the Kane County Jail from January 6, 2020, to on or around August 2020. In both lawsuits, Plaintiff complains that the exact same three Wexford Defendants provided delayed medical treatment and/or inadequate medical treatment for

his alleged dental issues. *Compare* Ex. A with Dkt. #13. Because Plaintiff's claims involve the exact same operative facts (lack of medical treatment at Kane County by Wexford, Dr. Johnson, and Nurse Czerniak from January to August 2020), Plaintiff's claims satisfy *res judicata*'s second element.

14. *Res judicata*'s third element – a final judgment on the merits – is also satisfied because Kane County Circuit Court dismissed Plaintiff's claims with prejudice. (Ex. B). Under Illinois law, a dismissal with prejudice constitutes a final adjudication on the merits. *SDS Partners, Inc. v. Cramer*, 305 Ill. App. 3d 893, 896, 713 N.E.2d 239, 241, 238 Ill.Dec. 993, 995 (Ill. Ct. App. 1999) ("A dismissal with prejudice constitutes an adjudication on the merits that bars plaintiff from maintaining another action on the same claim."); *see also Morris v. Union Oil Co. of California*, 96 Ill. App. 3d 148, 156, 421 N.E.2d 278, 284, 51 Ill.Dec. 770, 776 (Ill. Ct. App. 1981) ("Dismissal with prejudice is deemed to be as conclusive of the rights of the parties as if the matter had proceeded to trial and had been resolved by final judgment adverse to the plaintiff.").

15. Because Plaintiff brings the same claims against the same Wexford defendants that he sued in the State Court action that Kane County dismissed with prejudice, the *res judicata* affirmative defense bars Plaintiff's instant Federal lawsuit.

## CONCLUSION

WHEREFORE, Defendants, KIMBERLY CZERNIAK, MICHAEL JOHNSON, DDS, and WEXFORD HEALTH SOURCES, INC., respectfully request that this Court enter an order granting the instant Rule 12(c) Motion for Judgment on the Pleadings; enter an order dismissing Plaintiff's claims with prejudice; plus Defendants' costs and fees; and any further relief this Court deems just.

Respectfully submitted,

                                                                              KIMBERLY CZERNIAK, MICHAEL JOHNSON,
                                                                              DDS, and WEXFORD HEALTH SOURCES, INC.
                                                                              By:   */s/ Bryan R. Findley*

Matthew H. Weller | ARDC No. 6278685
James F. Maruna | ARDC No. 6313433
Bryan R. Findley | Indiana Bar No. 34447-30
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax
mweller@cassiday.com
jmaruna@cassiday.com
bfindley@cassiday.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to all attorneys of record in this case. I also hereby certify that a true and correct copy of the foregoing document was served via regular mail to the following non-CM-ECF participant at the following address by depositing the same in the U.S. mail located in Indianapolis, Indiana, with proper postage prepaid, before the hour of 5:00 p.m., on July 31, 2023. I certify that the statements set forth herein are true and correct:

> Randy Norwood
>
> 3434 W. Jackson Blvd.
>
> Chicago, IL 60624

>> Respectfully submitted,
>> KIMBERLY CZERNIAK, MICHAEL JOHNSON, DDS, and WEXFORD HEALTH SOURCES, INC.
>> By:  */s/ Bryan R. Findley*

Matthew H. Weller | ARDC No. 6278685
James F. Maruna | ARDC No. 6313433
Bryan R. Findley | Indiana Bar No. 34447-30
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax
mweller@cassiday.com
jmaruna@cassiday.com
bfindley@cassiday.com